# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# Wheeling

**KEITH D. JOHNSON,**

       Petitioner,

v.                                                                        **Case No. 5:21-cv-106**
                                                                        Judge Bailey

**R. HUDGINS, Complex Warden,**

       Respondent.

## REPORT AND RECOMMENDATION

On May 25, 2021, the *pro se* petitioner, Keith D. Johnson, filed a habeas petition pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of North Carolina. On May 28, 2021, the case was transferred to this Court because the petitioner is incarcerated at USP Hazelton which is located in Bruceton Mills, West Virginia. The case was docketed at the Clarksburg point of holding court and assigned Civil Action No. 1:21-cv70. However, because the petition was not on the Court approved form, the petitioner was sent a Notice of Deficient Pleading and Intent to Dismiss which informed him that his case would be dismissed by July 1, 2021. On July 6, 2021, the petitioner paid the $5 filing fee in the case docketed in Clarksburg. On July 12, 2021, the petitioner refiled his petition on the Court approved form and it was docketed at the Wheeling point of holding court and assigned this civil action number. The $5 filing fee paid in the Clarksburg case has been applied to this case, and no further filing fee is required. Accordingly, this matter, pending before the undersigned for an initial review and report and recommendation is ripe for review.

## I. **Conviction and Sentence**[1]

On October 4, 2017, the Grand Jury in the Superior Court of the District of Columbia charged the petitioner with five counts of violating the D.C. Code. The First Count charged the petitioner with unlawful assault, in violation of 22 D.C. Code § 404. The Second Count charged the petitioner with Assault with a Dangerous Weapon, in violation of D.C. Code, § 402. The Third Count charged the petitioner with Assault with Significant Bodily Injury While Armed, in violation of 22 D.C. Code § 404(a)(2). The Fourth Count charged the petitioner with Obstructing, Preventing, or Interfering with Reports to or Requests for Assistance from Law Enforcement Agencies, Medical Providers, or Child Welfare Agencies, in violation of 22 D.C. Code § 1931. The Fifth Count charged the petitioner with Robbery, in violation of 22 D.C. Code § 2801.

On August 13, 2018, following a jury trial, the petitioner was found guilty of the Second Count and the Third Count. On February 6, 2019, the petitioner was sentenced to 15 years on the Second Count and 15 years on the Third Count, with the sentence on the Second Count to run concurrent with that on the Third Count.

On February 27, 2019, the petitioner filed a Notice of Appeal. On April 23, 2020, the Court of Appeals issued its Judgment which affirmed the judgment but remanded for the trial court to vacate as merged the petitioner's conviction for assault with a deadly weapon. However, the Judgment noted that no resentencing was required because the

---

[1]The facts of the petitioner's conviction and sentence were taken from the District of Columbia CourtView which allows eAccess to docket information for most cases as well as document images in some cases. In addition, the undersigned has reviewed the documents attached to the petition filed in the Eastern District of North Carolina and transferred to this Court. By Order entered on July 21, 2021, the undersigned directed the Clerk of Court to file those attachments in this case.

trial court imposed identical, concurrent sentences.

In addition to his appeal, the petitioner also filed a Motion to Vacate Sentence Pursuant to D.C. Code § 23-10 in the Superior Court on the ground of ineffective assistance of counsel. The motion was filed *pro se* and supplemented by counsel on December 18, 2019. The Government filed an Opposition on May 18, 2020. On November 5, 2020, the Judge of the Superior Court denied the Motion. On November 10, 2020, counsel filed a Notice of Appeal. On July 1, 2021. The petitioner's motion for extension of time to file his brief was granted, and his new deadline is August 4, 2021. Therefore, the appeal of the Superior Court's denial of his § 23-10 Motion is still pending.

On June 8, 2021, the petitioner filed another Motion pursuant to D.C. Code § 23-110 in the Superior Court which appears to raise the additional issue of his competency which is also raised in his pending § 2254 with the Court. The Superior Court docket sheet does not reflect any activity since the filing on June 8, 2021.

## II. Claims of Petition

The petitioner brings this case pursuant to § 2254 alleging two grounds for relief. First, he sets forth a claim of ineffective assistance of counsel and more specifically that counsel's failure to introduce mitigating evidence regarding his competency was unreasonable. Second, he alleges that newly discovered evidence establishes that the indictment was defective. For relief, the petitioner seeks "release from the case [because] the sentenced was impos[ed] in violation of the Constitution of the United States of America." [Doc. 1 at 20].

## III. Standard of Review

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules,

the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). As a *pro se* litigant, the Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner clearly is not entitled to relief under 28 U.S.C. § 2254, and therefore, no response has been required of the respondent.

### IV. Analysis

Prior to 1970, "the D.C. court system did not exist in its present form, and many of the cases now brought in the District's courts were instead heard in federal court." Blair-Bey v. Quick, 151 F.3d 1036, 1042 (D.C. Cir. 1998). That system changed in 1970, when the United States Congress passed the District of Columbia Court Reform and Criminal Procedure Act, Pub. L. No. 91-358 (1979) ("Court Reform Act"). The Court Reform Act established the current dual court system and provided a "remedy analogous to

28 U.S.C. § 2255 for prisoners sentenced in D.C. Superior Court who wished to challenge their conviction or sentence." Blair-Bey, at 1042 (citing D.C. Code § 23-110).

Section 23-100(g) provides:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, **shall not be entertained** by the Superior Court or **by any Federal or State court** if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

(Emphasis added).

Therefore, prisoners, such as this petitioner, sentenced by the Superior Court of the District of Columbia may collaterally challenge the constitutionality of their convictions by moving in that court under D.C. Code § 23-110.  Garris v. Lindsay, 794 F.2d 722, 725 (D.C.Cir.)(*per curiam*), *cert denied*, 479 U.S. 993 (1986); *see also* Byrd v. Henderson, 199 F.3d 34, 36-37 (D.C. Cir. 1997) ("Since passage of the Court Reform Act, however, a District of Columbia prisoner seeking to collaterally attack his sentence must do so by motions in the sentencing court-the Superior Court-pursuant to D.C. Code § 23-110.").  If that avenue proves unsuccessful, the prisoner may then appeal in the D.C. Court of Appeals, which is the highest court in the local D.C. court system.  See Garris, supra at 725 (citing D.C. Code § 23-110(f)).

The Court Reform Act further "provided that, to the extent that [a] remedy [under D.C. Code § 23-110] was available, **it was an exclusive one."**  Blair-Bey, supra at 1042 (emphasis added.)   In fact, the Supreme Court has characterized D.C. Code § 23-110(g) as an "unequivocal command to federal courts not to entertain an application for habeas

corpus after the applicant has been denied collateral relief in the Superior Court...." Swain v. Pressley, 430 U.S. 372, 377 (1977). In Swain, the Supreme Court held that a district court lacks jurisdiction to entertain a habeas corpus petition attacking the constitutional validity of a Superior Court sentence even after the local remedy, if adequate and effective, has been pursued unsuccessfully. 430 U.S. at 377-78. Consequently, while "prisoners sentenced by state courts may resort to federal habeas corpus after exhaustion of their state remedies, a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is 'inadequate or ineffective to test the legality of his detention.'" Garris, supra at 726 (citations omitted). Thus, the Court Reform Act "entirely divested the federal courts of jurisdiction to hear habeas corpus petitions by prisoners who had a section 23-110 remedy available to them, unless the petitioner could show that the section 23-110 remedy was 'inadequate or ineffective.'" Blair-Bey, supra at 1042.

Determining whether the remedy available to a prisoner under § 23-110 is inadequate or ineffective "hinges on the same considerations enabling federal prisoners to seek habeas review." Perkins v. Henderson, 881F.Supp. 55, 59 (D.D.C. 1995); see also Swain, supra at 377 ("the language of § 23-110(g) was deliberately patterned after 28 U.S.C. § 2255"). Indeed, the determinative factor "is the inefficacy of the remedy, not a personal inability to utilize it...." Garris, supra at 727; see also David v. Bragg, 1991 WL 21563, at *3 (D.D.C. Feb. 14, 1991)("[T]he focus is on the efficacy of the remedy itself, and a federal court will therefore have jurisdiction only in extraordinary cases, especially given the similarity between the D.C. and federal habeas remedies.")

Here, the petitioner has made no demonstration that the remedy available under § 23-110 is an "inadequate or ineffective" means of challenging his sentence. His lack of

6

success on a prior collateral attack on his conviction does not render his local remedy inadequate or ineffective. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000) (stating, in the analogous context of 28 U.S.C. § 2255, that "[t]his Court and other Courts of Appeals have consistently noted that a prior unsuccessful [section] 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy")(internal quotations omitted); Perkins v. Henderson, 881 F.Supp. 55, 59 n. 5 (D.D.C. 1995) ("A petitioner may not complain that the remedies provided him by § 23-110 are inadequate merely because he was unsuccessful when he invoked them.").

## VI. Recommendation

For the reasons stated in this opinion, it is recommended that the § 2241 petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE** because it does not demonstrate that a motion under § 23-113 is, or was, inadequate or ineffective to test the legality of the petitioner's conviction and detention and, therefore, this Court lacks jurisdiction to entertain the same.

The petitioner shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to Taylor by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: July 22, 2021

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE